■ ABRAHAM TANZMAN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 52019.) WETSON'S ENTERPRISES, INC., et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 53591.)—Appeal from a judgment in favor of claimants, entered April 10, 1974, upon a decision of the Court of Claims. Claimants were the owners, tenants and subtenants* of an irregularly shaped parcel of land consisting of 24,040 square feet along Sunrise Highway, a major east-west thoroughfare in the Town of Islip, Suffolk County, developed with a "Wetson's" Hamburger Stand, blacktop parking area, concrete walks, fence, concrete car stops, and other auxiliary improvements. The parcel had good access to Sunrise Highway, on which it had 141 feet of frontage, as well as to two nearby side streets, one directly and one via a right of way. The building was in compliance with a zoning ordinance requiring 50-foot setback. In July of 1969 the State appropriated 5,934 square feet from the Sunrise Highway side of the parcel, resulting in, *inter alia,* a considerable reduction in parking area, a reduction in setback to approximately 10 feet and the taking of portions of concrete walks, four cesspools, two catch basins, and some curbing. The trial court found that the highest and best use of the property, namely a commercial or business use, remained unchanged in character after the appropriation but reduced in

---

* There are three claimants in the case who have agreed to divide one award amongst themselves.

value because of the loss of parking and the resulting nonconformity with zoning requirements. The court translated this reduction in value to a loss in the after value of the land itself, and in its total award of $59,366 included an award of consequential damages to the remainder consisting of $22,633. This latter figure is based upon the reduction in value of 18,106 square foot remainder from its before value as found by the court of $4.50 per square foot to an after value of $3.25 per square foot. The State does not seriously challenge the trial court's award of $36,703 for direct damages to the subject property, and we affirm this aspect of the award. The before value as found by the court is not disputed, but the State challenges the award for consequential damages as being contrary to the evidence in that all three appraisers, one for the State and two for the claimant, testified that the unit value of the land after the taking remained the same as the value before the taking. While appellant's contention is correct, we feel it inappropriate on the record before us to modify the award by reducing it in the amount of consequential land damages as found by the court. In its award the court included an item of direct damages in the amount of $10,000 for the taking of land improvements, building improvements and a sign. It further appears, however, that all appraisers agreed that primarily because of the loss of parking and secondarily because of the loss of set back, there was some consequential damage to the building. While the testimony on the actual amounts is somewhat vague, it does appear that the State's appraiser valued this item at $12,000; the claimant's appraiser Bailey valued severance damage to improvements which would, of course, include the building at $27,172, and that the claimant's appraiser Rogers felt that there was an item of damage in the way of a functional obsolescence of the building equal to 30% of its value. Claimants urge that the court's finding of consequential damages should be translated to represent the severance damage to the building, and that since the consequential damage figure of $22,633 is within the range of the testimony on damages to the building, the award should be affirmed. We disagree. The court's finding of consequential damages of $22,633 has no support in the evidence, and the relationship of that figure to the alleged range of testimony for damage to the building appears to be no more than coincidental. There is nothing in the record to explain a conversion from land values to building values which would warrant a determination by this court that the award of consequential damages is proper, and it is our view that a new trial on the issue of consequential damages must be had. Judgment modified, on the law and the facts, by reversing so much as awarded claimant consequential damages in the amount of $22,633 and directing a new trial limited to the issue of consequential damages, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.

